## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD YOUNG, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO: _____ |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| UNTED PARCEL SERVICE, INC., | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, HOWARD YOUNG, by and through his attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, UNITED PARCEL SERVICE, INC., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Plaintiff's disabilities, in violation of the laws and statutes of the United States of America, specifically, the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (the "ADA"), 42 U.S.C. §12101 *et seq.* as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act (the "PHRA"), as amended, 43 P.S. §951, *et seq.*

2. Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this District Court for the Middle District of Pennsylvania has original jurisdiction of all civil actions arising under the laws of the United States.

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff, Howard Young ("Mr. Young"), is an adult individual currently residing in Cumberland County, Pennsylvania.

6. Mr. Young suffered a broken neck as a result of a motorcycle accident that caused right bicep weakness.

7. Mr. Young's impairments, although visual and partially physical, do not prevent him from his lifelong career of driving Commercial Motor Vehicles ("CMVs").

8. As a result of this impairment, Mr. Young's condition qualifies him as disabled under the ADA.

9. Defendant, United Parcel Services Inc., ("UPS"), is a Georgia business corporation with its headquarters located at 55 Glenlake Parkway, Atlanta, Georgia 30328. UPS is an American multinational shipping and receiving and supply chain management company.

10. At all times relevant to this Complaint, UPS, operated a service center facility at 100 Olmsted Drive, Middletown. Pennsylvania 17057.

11. At all times relevant to this Complaint, UPS employed in excess of fifteen (15) employees, including Mr. Young, making UPS an "employer" as defined under the ADA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

12. On or about June 14, 2023, Mr. Young initiated a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") which was later formalized and docketed as Charge No. 530-2023-06017, with instructions to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission (the "PHRC").

13. Mr. Young has been advised of his right to sue in federal court by Notice of Right to Sue issued by the EEOC and received by Plaintiff on April 2, 2024, and Mr. Young's PHRC claims ripened one year after the filing of the Charge of Discrimination, on June 14, 2024.

14. All necessary and appropriate administrative prerequisites with regard to the EEOC and the PHRC have occurred.

## STATEMENT OF FACTS

15. Mr. Young began working for UPS on or about February 20, 2023, following years of recruitment efforts by UPS.

16. Mr. Young is a long-time CMV driver who owned a trucking company for twenty (20) years prior to his employment with UPS.

17. Throughout his career, Mr. Young held a Commercial Driver's License ("CDL") and comported with the requirements of holding such license.

18. Through the hiring process with UPS, Mr. Young underwent a routine medical evaluation required of CDL drivers by the United States Department of Transportation on February 21, 2023.

19. As a result of the medical evaluation, Mr. Young was cleared to drive a commercial motor vehicle without restrictions, and provided a Medical Examiner's Certificate, pursuant to the standards outlined in 49 CFR 391.41, which expires on February 21, 2025.

20. Through the hiring process, Mr. Young also underwent and passed a drug screening and participated in an on-the-road driving test accompanied by an employee of UPS who evaluated several driving proficiencies of Mr. Young.

21. Mr. Young was told by the evaluating employee of UPS that he passed the on-the-road driving test.

22. After hiring and after attending classroom-based training, Mr. Young was scheduled for a pre-trip inspection training on or about March 6, 2023, with a driver/trainer employee of UPS named Sandy (last name unknown).

23. From the outset of the pre-trip inspection, Sandy made several comments about the appearance of Mr. Young's bicep. Sandy expressed her concern and questioned how it would impact Mr. Young's ability to perform his job; Mr. Young informed Sandy that his bicep injury never impacted his job performance.

24. Sandy perceived Mr. Young to be disabled.

25. Sandy in turn reported to Mr. Young's Manager, Paul, that Mr. Young was unable to perform the job due to his perceived disability.

26. Within hours of Sandy's report, Mr. Young's employment with UPS was terminated by UPS because of his perceived disability, in violation of the ADA and the PHRA.

## COUNT I

### ADA VIOLATION
*Disability Discrimination*

36. All prior paragraphs are incorporated herein as if set forth fully below.

37. Mr. Young is within the protective class of individuals as designated by the ADA.

38. Mr. Young is a qualified individual with a disability.

39. Mr. Young's spinal condition and resulting neuropathy in his legs constitutes a disability because it substantially limits and impairs his ability to: 1) stand, 2) lift, 3) walk and 4) bend, all of which constitute major bodily functions and/or life activities.

40. At all times relevant to this Complaint, Mr. Young was qualified for and able to perform the essential functions of his job with or without a reasonable accommodation.

41. As previously set forth above, after UPS learned the full extent of Mr. Young's disability, Mr. Young was discriminated against and terminated.

42. As a direct and proximate result of UPS's conduct in violating the ADA by discriminating against Mr. Young on the basis of his disabilities, Mr. Young has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to his career and professional standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

43. UPS's discrimination toward Mr. Young arising from his disabilities constitutes a violation of the ADA.

WHEREFORE, Plaintiff, HOWARD YOUNG, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### PHRA VIOLATION
*Disability Discrimination*

44. All prior paragraphs are incorporated herein as if set forth fully below.

45. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count II arise out of the same facts, events, and circumstances as Count I, and therefore judicial economy and fairness to the parties dictate that this Count II be brought in the same Complaint.

46. As previously stated in Count I, UPS discriminated against Mr. Young on the basis of his disability, resulting in Mr. Young's termination of employment, all in violation of his state rights under the PHRA.

47. UPS's discrimination toward Mr. Young arising from his disabilities constitutes violations of the PHRA.

WHEREFORE, Plaintiff, HOWARD YOUNG, seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, HOWARD YOUNG, prays that this Honorable Court enter judgment in his favor and against Defendant, UNITED PARCEL SERVICE, INC., and that it enter an Order as follows:

a. UPS is to be permanently enjoined from interfering with and/or discriminating against Mr. Young on the basis of his disabilities, and/or any basis prohibited under applicable federal and state law;

b. UPS is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their disabilities, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. UPS is to compensate Mr. Young, reimburse Mr. Young, and to make Mr. Young whole for any and all pay and benefits Mr. Young would have received had it not been for UPS' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Mr. Young should be accorded those benefits illegally withheld from the date he first

suffered discrimination at the hands of UPS until the date of verdict;

d. Mr. Young is to be awarded interest on his monetary losses at the prevailing rate;

e. Mr. Young is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by UPS' actions;

f. Mr. Young is to be awarded punitive damages as provided for under the ADA;

g. Mr. Young is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. Mr. Young is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

i. Any verdict in favor of Mr. Young is to be molded by the Court to maximize the financial recovery available to Mr. Young in light of the caps on certain damages set forth in applicable federal and state law;

j. Mr. Young is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an

     effort to ensure UPS does not engage - or ceases engaging - in illegal retaliation against Mr. Young or other witnesses to this action; and

k.    The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

                                              *Respectfully submitted,*

                                              **WEISBERG CUMMINGS, P.C.**

Date: June 20, 2024              */s/ Derrek W. Cummings*
                                            Derrek W. Cummings (PA #83286)
                                            dcummings@weisbergcummings.com

                                            */s/ Larry A. Weisberg*
                                            Larry A. Weisberg (PA #83410)
                                            lweisberg@weisbergcummings.com

                                            */s/ Steve T. Mahan, Jr.*
                                            Steve T. Mahan, Jr. (PA #313550)
                                            smahan@weisbergcummings.com

                                            */s/ Michael J. Bradley*
                                            Michael J. Bradley (PA # 329880)
                                            mbradley@weisbergcummings.com

                                            2704 Commerce Drive, Suite B
                                            Harrisburg, PA 17110
                                            (717) 238-5707
                                            *Counsel for Plaintiff*